IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**ISRAEL REYES,**

    **Petitioner,**

**v.**                                        **Civil Action No. 2:11cv86**
                                                 **(Judge Bailey)**

**KUMA DEBOO,**

    **Respondent.**

## REPORT AND RECOMMENDATION

The petitioner is a federal inmate, currently incarcerated at Federal Correctional Institution Gilmer in Glenville, West Virginia. On or about April 11, 2011, the petitioner filed a Petition for a Writ of Habeas Corpus by a Person in State Custody in the United States District Court for the Central District of California. On August 2, 2011, the respondent filed a Motion to Dismiss the Petition contending that a petition pursuant to 28 U.S.C. § 2254 is only applicable to prisoners being held in state custody pursuant to a conviction in state court; whereas petitioner is being held in federal custody pursuant to a conviction in federal court. On September 12, 2011, United States Magistrate Judge Frederick F. Mumm determined that the respondent's motion to dismiss should be granted with leave to the petitioner to amend his petition within 30 days if he so desired. On September 30, 2011, the petitioner filed a Motion for Leave to "amend to file his § 2241 in the proper jurisdiction of West Virginia...." (Doc. 20). On October 27, 2011, the Central District of California transferred the matter to this Court.

On October 31, 2011, the Clerk of Court issued a Notice of Deficient Pleading and enclosed an application to proceed *in forma paupers*, a Prisoner Trust Account Report and this Court's form Petition pursuant to 28 U.S.C. § 2241. The petitioner was advised that failure to complete and return

the forms within twenty-one days could result in dismissal of his case. On November 21, 2011, the petitioner filed a Motion for Extension of Time to file the required documents identified in the Notice of Deficient Pleading. In support of his Motion, the petitioner indicated that he is in the process of resolving the matter through the Bureau of Prisons' Administrative Remedy Procedures. Accordingly, the petitioner requests an extension of time so that he may first exhaust his administrative remedies before filing the form 2241 petition.

**I. Analysis**

To the extent that exhaustion has been applied to habeas corpus, such a requirement is not mandated by statute. Instead, exhaustion prerequisites in habeas corpus actions arising under § 2241 are merely judicially imposed. See, e.g., Martinez v. Roberts, 804 F.2d 570 (9th Cir. 1996) (federal inmates are required to exhaust their administrative remedies prior to filing a 2241 petition); Moscato v. Federal Bureau of Prisons, 98 F.3d 757 (3rd Cir. 1996) (same); McCallister v. Haynes, 2004 WL 3189469 (N.D.W.Va. 2004) (same). Because the exhaustion requirement is only judicially imposed in habeas proceedings, it follows that a Court has the discretion to waive that requirement in certain circumstances. See LaRue v. Adams, 2006 WL 1674487 *8 (S.D.W.Va. June 12, 2006) (citing Smith v. Angelone, 111 F.3d 1126, 1129-31 (4th Cir.) cert. denied, 521 U.S. 1131 (1997)). Indeed, a number of courts have found that the exhaustion requirement may be waived where the administrative process would be futile. See id. at *5-*7.

However, even in cases where the administrative process is unlikely to grant an inmate relief, Courts have enforced a longstanding policy favoring exhaustion. See Alexander v. Hawk, 159 F.3d 1321, 1327-28 (11th Cir. 1998). In particular, it has been noted that the following policies are promoted by requiring the exhaustion of administrative remedies: "(1) to avoid premature

2

interruption of the administrative process; (2) to let the agency develop the necessary factual background upon which decisions should be based; (3) to permit the agency to exercise its discretion or apply its expertise; (4) to improve the efficiency of the administrative process; (5) to conserve scarce judicial resources . . . ; (6) to give the agency a chance to discover and correct its own errors; and (7) to avoid the possibility that 'frequent and deliberate flouting of the administrative processes could weaken the effectiveness of an agency by encouraging people to ignore its procedures.'" Id. at 1327 (citation omitted).

In this case, the petitioner clearly has not exhausted his administrative remedies. In addition, he does not argue that doing so would be futile. Instead, the petitioner merely requests that he be permitted to exhaust his administrative remedies before complying with the Notice of Deficient Pleading.

A review of the documents filed in Central District of California reveal that the petitioner is challenging the calculation of sentence by the Bureau of Prisons. Accordingly, exhaustion of administrative remedies would clearly be appropriate in this instance given that the BOP is charged with the responsibility of sentence computation and has expertise in this area. See United States v. Wilson, 503 U.S. 329, 112 S.Ct. 1351 (1992) ( the Attorney General, through the BOP, has the responsibility for administering federal sentences); United States v. Lucas, 898 F.2d 1554 (11th Cir. 1990) (the power to grant jail time credit lies exclusively with the Attorney General). Moreover, the record now before this Court is devoid of the necessary facts by which this Court needs to accurately assess the legitimacy of the petitioner's claims. By requiring the petitioner to attempt resolution of his claim within the Bureau's administrative remedy process, the Court would be promoting many of the policies which underlie the exhaustion principle. For example, the

administrative remedy process could develop the necessary factual background upon which the petitioner's claim is based, allow the BOP the opportunity to exercise its discretion and apply its expertise in this area, conserve scarce judicial resources, give the BOP a chance to discover and correct its own possible error, and avoid the deliberate flouting of the administrative process.

## II. Recommendation

For the foregoing reasons, the undersigned recommends that: (1) the petitioner's Motion for Extension of Time to File Documents (Doc. 28) be **DENIED**; (2) the petitioner's Motion for Leave to Amend (Doc. 20) be **DENIED**, and (3) this matter be **DISMISSED without prejudice** for the failure to exhaust administrative remedies.

Within fourteen (14) days after being served with a copy of this Report and Recommendation, any party may file with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable John Preston Bailey, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

The Clerk is directed to send a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket. The Clerk is further directed to provide copies of this Report and Recommendation to all

counsel of record, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

DATED: 11-28-2011

_____
DAVID J. JOEL
UNITED STATES MAGISTRATE JUDGE